1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,        )   Case No. 18cv0025 BTM
                                      )
11                   Petitioner,      )
                                      )
12        v.                          )   ORDER GRANTING PETITION
                                      )   TO ENFORCE INTERNAL
13   ERNEST CUNAMAY,                  )   REVENUE SERVICE SUMMONS
                                      )
14                   Respondent.      )
                                      )
15   _____)

16        The Government has petitioned the Court for an order enforcing the Internal

17   Revenue Service ("IRS") Summons issued to Ernest Cunamay ("Respondent").  On

18   January 20, 2018, the Court issued an order setting a hearing on the petition to

19   enforce.  On February 14, 2018, on the IRS's third attempt to personally serve

20   Respondent, the IRS went to Respondent's last known address and asked a man who

21   identified himself as Respondent's bother, Phil Penales, whether Respondent was

22   home.  Mr. Penales said that Respondent was home.  When the IRS Revenue Officer

23   knocked on the door, Respondent did not answer.  Mr. Penales agreed to take the

24   envelope containing a copy of the Court's order, the Government's petition to

25   enforce and supporting declaration and he placed it inside Respondent's residence.

26   Respondent did not file a written response to the order.

27        The hearing was held on the Government's petition on March 2, 2018, at 2:00

28   p.m.  The Government was represented by Assistant United States Attorney Leslie

M. Gardner. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summons is granted.

## BACKGROUND

On May 19, 2017, Nelli Ayrapetyan, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer Nelli Ayrapetyan in Support of Petition, ("Ayrapetyan Decl."), ¶ 4.] The IRS is conducting an investigation to determine Respondent's ability to pay his tax liabilities for the 2005, 2006, 2007, 2009, and 2010 tax years. [Id. at ¶ 2.] On May 19, 2017, Revenue Officer Ayrapetyan served the summons on Respondent by leaving an attested copy of the summons at his last and usual place of abode. [Id. at ¶ 5.] The summons called for Respondent to appear before the IRS on June 20, 2017, at 9:00 a.m. [Id. at ¶ 6.]

On June 20, 2017, Respondent did not appear and did not provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS and the U.S. Attorney's office subsequently sent a letter to Respondent directing him to appear before the IRS. [Id. at ¶¶ 7, 9.] Respondent did not appear and did not provide the IRS with the testimony and documents requested by the summons. [Id. at ¶¶ 8, 10.]

On January 1, 2018, the Government petitioned the Court to enforce the summons. On January 22, 2018, the Court ordered that Respondent appear before the Court on March 2, 2018 at 2:00 p.m. The Court also ordered Respondent to respond with any defense or opposition to the petition at least 14 days prior to the hearing date. Respondent did not file a written response and did not appear at the hearing.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a

return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Ayrapetyan's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation to determine the collectability of Respondent's tax liabilities for the 2005, 2006, 2007, 2009, and 2010 tax years. [Ayrapetyan Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summons was issued for a legitimate purpose. Second, Revenue Officer Ayrapetyan has declared in her declaration that the information requested by the summons may be relevant to determine the collectability of Respondent's tax liabilities. [Id. at ¶ 14.] Third, the

IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 12.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 13.] Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summons.

<u>CONCLUSION</u>

For the reasons set forth herein, the Government's petition to enforce the IRS summons is GRANTED. Respondent, Ernest Cunamay, is directed to appear before IRS Revenue Officer Nelli Ayrapetyan or a designee, on April 19, 2018, at 10:00 a.m., at the offices of the Internal Revenue Service located at 333 W. Broadway, Suite 906, San Diego, California, 92101, and to produce the documents and give testimony as directed in the summons. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of service shall be filed with the Clerk of Court as soon as practicable.

**Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.**

IT IS SO ORDERED.

**DATED: April 9, 2018**

**BARRY TED MOSKOWITZ, Chief Judge**
**United States District Court**